J. A. VAN BRUNT & CO., INC., Plaintiff, v. GUARANTY TRUST
COMPANY, Defendant.

Supreme Court, New York Special Term, October, 1922.

Negotiable instruments — sale of goods to foreign purchaser — draft
delivered to bank for collection drawn on wrong firm — delay in pre-
sentment — where drawee would have refused draft in any event there
can be no recovery against the bank — complaint dismissed.

Where payment of goods purchased from plaintiff by the firm of Martin &
Martin in Buenos Ayres was to be made by a thirty-day sight draft to be
accepted by the purchaser upon presentation of shipping document, the
plaintiff by drawing a draft on Martin Bros. instead, put it out of its power
to comply with the terms of sale, and the contract with Martin & Martin is
not a measure of damages in an action against the defendant which undertook
to present the draft, as drawn, for acceptance and to collect and remit the
proceeds.

The draft accompanied by a bill of lading covering the shipment of a marketable
commodity was not presented for acceptance on its arrival in Buenos Ayres,
but Martin Bros. were notified of the fact by letter. An unreasonable time
elapsed before defendant learned from Martin Bros., who had no relations with
plaintiff and would not have accepted the draft had it been presented promptly,
that they would not accept it.   Held, that the result of such refusal to accept
the draft was not affected by defendant's failure to present it promptly, and
no damages or cause of action arose from the facts.

Defendant's undertaking implied a duty to notify plaintiff if acceptance was
refused, and though the complaint alleged that plaintiff was not advised at the
time that the draft should have been presented that acceptance was refused,
there was an absence of allegation of facts to establish that any loss was
incurred by plaintiff.   Held, that defendant's motion to dismiss the complaint
must be granted but with leave to plaintiff to serve an amended complaint.

MOTION by defendant for judgment on the complaint.

*Kotzen Brothers*, for plaintiff.

*Frank M. Patterson (M. Mackenzie* of counsel,), for defendant.

TIERNEY, J.   Motion by defendant for judgment upon the
complaint.   The defendant undertook to present a thirty-day draft
to Martin Bros. at Buenos Ayres for acceptance and to collect
and remit the proceeds.   The draft was not presented for acceptance
on its arrival at Buenos Ayres, but Martin Bros. were notified by
letter.   An unreasonable time elapsed thereafter before the defend-
ant learned from Martin Bros. that they would not accept the
draft.   Martin Bros. had no relations with the plaintiff and would
not have accepted the draft if it had been presented promptly.
Defendant's failure to present the draft promptly did not affect
the result of a refusal of acceptance, and no damages or cause of

action would arise from these facts. What the plaintiff complains of is not that the draft was not promptly presented, but that it was not advised at the time that the draft should have been presented that acceptance was refused. I think that in undertaking to present the draft for acceptance and to collect it there was an implied duty of the defendant to notify the plaintiff if acceptance was refused. Whether this should have been by cable or mail would be measured by the circumstances. The draft was accompanied by a bill of lading covering title to a valuable shipment of a marketable commodity, evidencing an intended transaction of sale and delivery, of which the market price was subject to change from time to time. The refusal of acceptance would leave the commodity in the hands of the plaintiff for other disposition. Under such circumstances it might be held to have been the duty of the defendant to have notified the plaintiff by the quickest method of transmission. The consequences of a failure to do so would be to impose a loss upon the plaintiff of the difference between what it might have realized from a sale of the goods then and what it realized when it did learn of the refusal of acceptance. There are no allegations in the complaint showing that such a loss was incurred. The plaintiff had made a contract with a firm of Martin & Martin in Buenos Ayres for the purchase of these goods, delivery to be made as promptly as possible, payment to be made by a thirty-day sight draft to be accepted by the purchaser upon presentation of shipping documents. By drawing on Martin Bros. instead, the plaintiff put it out of its power to comply with these terms of sale. The contract with Martin & Martin is no measure of damages. If they accepted delivery of the goods it would be by some new agreement of purchase, and there is no reason to suppose that they would have paid more than the then market price. The complaint shows a breach of contract, but no facts to establish that any loss was incurred. The motion to dismiss the complaint must be granted, but as the objections may be removed by an amendment the plaintiff should be afforded an opportunity to serve an amended complaint. The motion to dismiss the complaint is granted, with ten dollars costs, provided, however, that the plaintiff may serve an amended complaint within twenty days after service of a copy of the order, with notice of entry, on payment of such costs and ten dollars costs of the action. Order signed.

Ordered accordingly.